UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHARON A. SEE, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:06CV1455(RNC) |
| UNITED OBLIGATIONS LLC, et al., | : | |
| Defendants. | : | |

## RULING ON MOTIONS

The plaintiff alleges that the defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, and the Connecticut Consumer Collection Agency Act, §36a-800 *et seq.*, in attempting to collect a debt from the plaintiff. The case was filed in September 2006. On February 20, 2008, the court granted in part the defendants' motion to dismiss. The only remaining federal allegations concern two collection letters sent by the defendant to the plaintiff in 2006. Also remaining is the plaintiff's state-law claim.

On April 8, 2008, the court held a status conference. At that time, all discovery deadlines had passed, and no party had moved for an extension of time. In response to the parties' requests at the status conference for additional time to complete minimal final discovery, the court granted a short extension, requiring all discovery to be completed by May 30, 2008. The dispositive motion deadline was extended to June 13, 2008.

A flurry of filings ensued after the conference. Now

pending before the court are plaintiff's motion to amend her complaint to add a newly discovered claim against the defendant (doc. #95); defendant's motion to join the plaintiff's attorney as a third-party defendant on a vexatious litigation claim (doc. #99); a new counterclaim against the plaintiff for vexatious litigation (doc. #102); defendant's motion for default (doc. #106) due to plaintiff's failure to respond to the counterclaim; and plaintiff's consented motion to extend the deadline for dispositive motions(doc. #104). The court will consider each motion in turn.

1. Plaintiff's Motion to Amend Complaint

The plaintiff moves to amend her complaint in order to allege an additional violation by the defendant. Fed. R. Civ. P. 15(a) provides that, once a responsive pleading has been served, a plaintiff may amend her complaint only by leave of court or with consent of the adverse party. Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides that leave to amend "shall be freely given," must be balanced against the requirement under Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause." See Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003); Fed. R. Civ. P. 15(a); Fed. R. Civ. P. 16(b). "[I]t is within the sound discretion of the district court whether to grant or deny leave to amend." Zahra

v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). Under Rule 16(b), a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 339-40 (2d Cir. 2000). See also Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (motion to amend filed two and a half years after the commencement of the action and three months prior to trial was properly denied due to undue delay); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994) (denial of motion to amend was proper where it was filed more than four months after the court's deadline for amendments).

This case was filed nearly two years ago. All of the original deadlines have long since passed, including the deadline for amendment of pleadings. The parties were told early in this litigation that they were to complete discovery despite the pendency of a motion to dismiss. They failed to do so.

The plaintiff has unduly delayed her amendment, and has failed to show good cause for an amendment at this late date.[1]

---

[1] Plaintiff apparently contends that she learned of the basis for the amendment only when the defendant filed his April 23, 2008 affidavit stating that he is the owner of the debt by assignment. The court notes, however, that a motion filed on February 23, 2007 includes an affidavit from defendant Paul Miller stating that "I as

3

In light of the foregoing, the plaintiff's motion to amend (doc. #95) is denied.

2.  Defendant's Counterclaim and Motion for Default

The defendant has filed a "Counterclaim" purporting to allege a vexatious litigation claim against the plaintiff. (Doc. #102.)[2]  The plaintiff did not respond to the putative counterclaim, and the defendant now moves for default for plaintiff's failure to answer. (Doc. #106.)

The defendant filed his answer to the complaint on April 23, 2008.  He did not state a counterclaim.  Because 20 days have passed since he filed his answer, he may not now assert a counterclaim without the court's permission.  See Fed. R. Civ. P. 15(a), 13(f).  Because the defendant did not obtain leave of court to assert the counterclaim, the defendant's purported counterclaim (doc. #102) has no legal effect.

The defendant's motion for default (doc. #106) is therefore denied as moot.  The plaintiff was not required to respond to the purported counterclaim.

---

trustee, am owner of a debt owed by Anthony Delvechio and Sharon See." (Doc. #10 at 4.)  Moreover, had the plaintiff pursued discovery earlier in the case, she could have learned the details of the assignment some time ago.

[2]The defendant has also filed a "Judicial Notice" alerting this court that he has commenced a lawsuit in Connecticut Superior Court against Attorney Simko and the plaintiff for vexatious litigation.  (See Doc. #107.)

### 3. Defendant's Motion for Joinder

The defendant, citing Fed. R. Civ. P. 20(a)(2)(A), moves to join the plaintiff's attorney, V. Michael Simko, as a defendant and to bring vexatious litigation claims against him. (Doc. #99). The defendant's motion does not address the standard of review under Fed. R. Civ. P. 20(a)(2)(A) or provide any explanation of why joinder is appropriate. Nor does the defendant address the good cause standard under Fed. R. Civ. P. 16.

Fed. R. Civ. P. 20 "prescribes permissive, not necessary, joinder and specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice." Barr Rubber Products Co. v. Sun Rubber Co., 425 F.2d 1114, 1127 (2d Cir. 1970). "Permissive joinder rests with the sound discretion of the Court, which must determine if joinder will comport with the principles of fundamental fairness. A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a 'Pandora's box' of discovery." Travelers Indem. Co. v. Losco Group, Inc., 150 F. Supp. 2d 556, 565 (S.D.N.Y. 2001) (internal citations and quotation marks omitted).

The defendant has unduly delayed in moving for joinder. The defendant's claims against Attorney Simko do not involve any

5

newly-learned information and there is no showing of good cause. More to the point, joinder at this late stage would unduly delay and complicate the resolution of this case.  The defendant's Motion for Joinder (doc. #99) is denied.

4. <u>Plaintiff's Motion for Extension of Time</u>

The plaintiff has moved, with the defendant's consent, for an extension of the deadline to file her summary judgment motion. Plaintiff proposes that the dispositive motion deadline be rescheduled to seven days after a ruling on the plaintiff's pending motion to amend.  The motion for extension is granted. Summary judgment motions shall be filed on or before **August 29, 2008.  Further requests for extension of this deadline will be viewed with disfavor.**

Pursuant to the Scheduling Order (doc. #41), "[i]f a summary judgment motion is filed, the joint trial memorandum will be due 30 days after a ruling on the motion."

SO ORDERED at Hartford, Connecticut this 4th day of August, 2008.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge